1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF WASHINGTON

9    JASON M. PERRYMAN,                    )
                                           )    No. CV-06-0340-MWL
10             Plaintiff,                   )
                                           )    ORDER GRANTING DEFENDANT'S
11   v.                                     )    MOTION FOR SUMMARY JUDGMENT
                                           )
12   MICHAEL J. ASTRUE, Commissioner of     )
     Social Security,                       )
13                                          )
               Defendant.                   )
14                                          )

15          BEFORE THE COURT are cross-motions for summary judgment, noted for hearing

16   without oral argument on May 21, 2007.  (Ct. Rec. 13, 16).  Plaintiff Jason M. Perryman

17   ("Plaintiff") filed a reply brief on May 17, 2007.  (Ct. Rec. 18).  Attorney Maureen Rosette

18   represents Plaintiff; Special Assistant United States Attorney Jeffrey H. Baird represents the

19   Commissioner of Social Security ("Commissioner").  The parties have consented to proceed

20   before a magistrate judge.  (Ct. Rec. 7).  After reviewing the administrative record and the briefs

21   filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16)

22   and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

23                              **JURISDICTION**

24          On July 26, 2001, Plaintiff filed an application for Disability Insurance Benefits ("DIB"),

25   alleging disability since June 15, 1996, due to nerve damage, migraine headaches, knee and leg

26   damage, carpal tunnel syndrome, asthma, back pain, bad feet, skin graphs, nerve damage in hands,

27   mental problems and eye problems.  (Administrative Record ("AR") 96-98, 110).  The application

28   was denied initially and on reconsideration.  Hearings were held before Administrative Law Judge

                                           -1-

("ALJ") Paul L. Gaughen on October 23, 2003, and May 5, 2004.  (AR 356-388, 389-429).
Testimony was taken from Plaintiff and vocational expert Deborah LaPoint.  (AR 356-429).  On
June 29, 2004, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 43-57).  The
Appeals Council denied a request for review on October 30, 2006.  (AR 5-7).  Therefore, the
ALJ's decision became the final decision of the Commissioner, which is appealable to the district
court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42
U.S.C. § 405(g) on November 29, 2006.  (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision,
and Plaintiff's brief and will only be summarized here.  Plaintiff was 32 years old on the date of
the ALJ's decision, completed the 9th grade in high school and later earned a GED, and has past
work experience as a dishwasher/kitchen helper, a survey worker, a horticultural worker, a short
order cook, a housekeeper/cleaner, a cashier, a janitor, and a cook helper.  (AR 43-44).  Plaintiff
indicated that he stopped working on December 15, 2000, because work was hard on his body and
caused pain, and he could no longer do the things he had previously been able to do on the job.
(AR 110).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any
substantial gainful activity by reason of any medically determinable physical or mental
impairment which can be expected to result in death or which has lasted or can be expected to last
for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A),
1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability
only if any impairments are of such severity that a Plaintiff is not only unable to do previous work
but cannot, considering Plaintiff's age, education and work experiences, engage in any other
substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A),
1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational
components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).
///

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See, Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

///

1    ///

2    **ALJ'S FINDINGS**

3        The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity

4    since his alleged onset date, June 15, 1996.  (AR 44).  At step two, the ALJ determined that

5    Plaintiff has the following severe impairments:  a severe musculoskeletal impairment of the right

6    wrist and knee status post fractures, asthma, polysubstance addictions (including

7    methamphetamine and marijuana) and an antisocial personality disorder.  (AR 51).  At step three,

8    the ALJ found that the severity of Plaintiff's impairments, when considering the effects of his

9    polysubstance abuse, meets the requirements of Listing 12.09; however, absent the effects of his

10   drug addiction and alcohol abuse, he did not meet or equal a Listings impairment.  (AR 51-52).

11       The ALJ concluded that, absent the effects of Plaintiff's polysubstance abuse, Plaintiff

12   retains the RFC to perform light work activity.  (AR 53).  The ALJ additionally found that

13   Plaintiff should avoid repetitive use of the right arm for pushing/pulling; there are no limits on

14   gripping; he should avoid concentrated exposure to fumes or to moving machinery; he cannot

15   work in a pharmacy; there are slight limitations in accepting instructions and job related criticism

16   from a supervisor, in getting along with coworkers, peers or other, and in maintaining socially

17   appropriate behavior at all times; and he has slight to moderate limitations in public contacts

18   including those with customers.  (AR 53).

19       At step four of the sequential evaluation process, the ALJ found that Plaintiff was unable

20   to return to any of his past relevant work.  (AR 54).  However, the ALJ determined that, within the

21   framework of the Medical-Vocational Guidelines ("Grids") and based on the vocational expert's

22   testimony and Plaintiff's RFC, age, education, and work experience, there were a significant

23   number of jobs in the national economy which he could perform despite his limitations.  (AR 55).

24   Examples of such jobs included work as an usher, a school bus monitor, and a gate guard.  (AR

25   55).  Accordingly, the ALJ determined, at step five of the sequential evaluation process, that

26   Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 55).

27   ///

28   ///

/// 

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, he argues that the ALJ erred because he is not qualified to perform one of the jobs identified by the ALJ (gate guard), the other two jobs were identified by the vocational expert as part-time positions, and the jobs the ALJ identified do not exist in significant numbers in the national economy.

This Court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

**DISCUSSION**

Plaintiff argues that the ALJ erred, at step five of the sequential evaluation process, by failing to identify full-time jobs, existing in significant numbers in the national economy, that he is able to perform despite his limitations.  (Ct. Rec. 14, pp. 13-16).  The Commissioner responds that the ALJ properly relied on the vocational expert's testimony and properly identified jobs existing in significant numbers in the national economy which Plaintiff could perform despite his limitations.  (Ct. Rec. 17, pp. 5-9).  The Commissioner asserts that, accordingly, the ALJ's step five determination is without error.  (Ct. Rec. 17).

**A.    Reliance on Vocational Expert**

Social Security Ruling ("SSR") 82-61 provides that, pursuant to 20 C.F.R. § 404.1520(e) and § 416.920(e), a claimant will be found not disabled when it is determined that he retains the RFC to perform either the actual functional demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61.

"If a claimant shows that he or she cannot return to his or her previous job, the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  Therefore, the burden shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that Plaintiff can perform, despite his identified limitations, after Plaintiff has established a prima facie case of

disability by demonstrating he cannot return to his former employment. *Hoffman v. Heckler,* 785 F.2d 1423, 1425 (9th Cir. 1986). The Commissioner can satisfy this burden by either (1) applying the grids or (2) taking the testimony of a vocational expert. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). In this case, the ALJ relied upon the testimony of a vocational expert.

The weight of the record evidence in this case supports the ALJ's RFC finding that Plaintiff was capable of performing light exertion work with certain limitations. This finding by the ALJ is not disputed by Plaintiff. At the administrative hearing held on May 5, 2004, the vocational expert testified that with the restrictions determined by the ALJ, and not contested by the Plaintiff here, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of usher, school bus monitor and gate guard. (AR 421-426). Since the vocational expert's testimony was based on a proper and uncontested RFC finding by the ALJ, the ALJ did not err by relying on this testimony in formulating his opinion in this case.

**B.    Step Five - - Identified Jobs**

Plaintiff contends that the three jobs identified by the ALJ, usher, school bus monitor and gate guard, do not satisfy the criteria for a conclusion that he is not disabled within the meaning of the Social Security Act. (Ct. Rec. 14).

**1.    Part-time Work**

Plaintiff claims, and takes issue with the fact, that the jobs of usher and school bus monitor were considered by the vocational expert to be part-time positions. (Ct. Rec. 14, pp. 14-16). The vocational expert noted that the job as an usher "typically . . . starts part-time and can work up to full-time if the person is interested," and that the job of school bus monitor was "very likely to be part-time work." (AR 423-424).

Social Security Ruling 96-8p provides that the relevant concept at step five of the sequential evaluation process is the residual functional capacity to perform work on a "regular and continuing basis." SSR 96-8p. "A 'regular and continuing basis' means 8 hours a day for 5 days a week, or an equivalent work schedule." *Id.* Therefore, if a claimant cannot perform his prior work, the burden is on the Commissioner, at step five, to show that the claimant can sustain full-

time work.  If the Commissioner fails to carry this burden, the claimant must be found disabled.

At step four, however, an ability to work eight hours a day for five days a week is not necessarily required.[1]  Part-time work that was substantial gainful activity, performed within the past 15 years, constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.  SSR 96-8p, n. 2.  However, if the claimant's RFC is below that required by his past relevant work, and is also insufficient to allow sustained full-time work, a finding of disabled is compelled by the application of SSR 96-8p.

The undersigned agrees with the Commissioner's interpretation of the ALJ's analysis with respect to the usher positions.  (Ct. Rec. 17, pp. 6-7).  Specifically, the vocational expert implied that the number of usher positions she identified were to be considered full-time jobs.  The identified usher jobs were not expressly characterized by the vocational expert as part-time work (AR 423-424), and the step five determination of the ALJ does not indicate otherwise (AR 55).  The vocational expert merely commented that the usher jobs "typically" begin as part-time positions and may be worked as full-time positions if the employee is interested in full-time work.  (AR 423-424).  The ALJ is responsible for resolving conflicts in testimony and for resolving ambiguities.  *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001).  It is apparent that the ALJ construed the vocational expert's testimony regarding the number of identified usher positions to mean full-time jobs.

The undersigned does feel that there is uncertainty with respect to the vocational expert's testimony regarding the school bus monitor positions.  The vocational expert indicated that the school bus monitor positions were "very likely to be part-time work."  (AR 424).  Although it is the responsibility of the ALJ to resolve ambiguities, and it is not the job of this Court to second

---

[1]Part-time work may constitute substantial gainful activity under the Social Security Act, or demonstrate the ability to engage in substantial gainful activity.  20 C.F.R. §§ 404.1572(a), 416.972(a) (work may be considered substantial even if it is done on a part-time basis).  *Katz v. Secretary of Health & Human Services,* 972 F.2d 290, 294 (9th Cir. 1992) (the fact that the claimant worked only part-time is not enough alone to conclude that she was not engaged in substantial gainful activity); *Garnett v. Sullivan,* 905 F.2d 778 (4th Cir. 1990) (work as a bus driver involving minimal time per day typical of bus driving positions and substantial gainful activity); *Wright v. Sullivan,* 900 F.2d 675 (3rd Cir. 1990) (work as rape counselor in very flexible circumstances considered substantial gainful activity); *Beasley v. Califano,* 608 F.2d 1162 (8th Cir. 1979) (despite limits and difficulty, part-time work as a real estate broker considered substantial gainful activity).

guess the ALJ, the expression of the vocational expert that the positions were "very likely to be part-time work" does call into question the ALJ's consideration of these positions in his step five analysis.  Nevertheless, even if it were found that the meaning of the vocational expert's testimony was that these positions were all part-time, the inclusion of the jobs in the ALJ's step five determination would be considered harmless error as it would not result in a change of the ALJ's ultimate determination in this case.  *See, infra*.  An error is harmless when the correction of that error would not alter the result, *Johnson v. Shalala*, 60 F.3d 1428, 1436 n. 9 (9th Cir. 1995), and an ALJ's decision will not be reversed for errors that are harmless, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (*citing Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991).

### 2.    Semi-skilled Position

Plaintiff argues that, since he would not be qualified to apply for the gate guard job, the ALJ should not have included this position in his examples of jobs that Plaintiff could perform despite his limitations.  (Ct. Rec. 14, p. 15).

The ALJ's RFC determination and hypothetical he presented to the vocational expert do not include a restriction that Plaintiff could perform only unskilled work.  (AR 421-423).  The ALJ's RFC determination and hypothetical presented to the vocational expert are not contested by the Plaintiff.  The vocational expert testified that with the restrictions determined by the ALJ, and not contested by the Plaintiff, Plaintiff retained the capacity to perform the semi-skilled position of gate guard, but that the number of positions available would be reduced by half given Plaintiff's limited experience.  (AR 421-424).  Since the vocational expert's testimony was based on a proper and uncontested RFC finding by the ALJ, the ALJ did not err by identifying the job of gate guard as one that could be performed by Plaintiff, despite his limitations.

### 3.    Significant Numbers

Plaintiff asserts that the ALJ failed to meet his burden to show that there were jobs that he could perform "in significant numbers" in the national economy.  (Ct. Rec. 14).

At the administrative hearing held on May 5, 2004, the vocational expert indicated that "there are relatively few jobs in the unskilled category that don't require more than occasional hand usage."  (AR 423).  Nevertheless, the vocational expert identified the job of usher and stated

that there were about 500 of these positions in Washington and about 25,000 nationally. (AR
423). The vocational expert also identified the job of school bus monitor and stated that there
were about 150 of these positions in Washington and about 5,000 nationally. (AR 424). Finally,
the vocational expert identified the job of gate guard and stated that there were about 1100 of
these positions in Washington and about 100,000 nationally; "probably reduced about half with
[Plaintiff's] somewhat limited experience." (AR 424). Accordingly, a total of about 80,000
national and 1,200 statewide jobs were identified.

As indicated in *Barker v. Sullivan*, 882 F.2d 1474, 1478-1479 (9th Cir. 1989), the Ninth
Circuit "has never clearly established the minimum number of jobs necessary to constitute a
'significant number.'" However, as noted in *Barker*, decisions by district courts within this circuit
are consistent with the ALJ's finding in the instant case. *See, e.g., Salazar v. Califano*,
Unemp.Ins.Rep. (CCH, para. 15,835) 1479 (E.D. Cal. 1978) (600 jobs is significant number);
*Uravitch v. Heckler*, CIV-84-1619-PHX-PGR, slip op. (D. Az. May 2, 1986) (even though 60-
70% of 500-600 relevant positions required experience plaintiff did not have, remaining positions
constitute significant number). The *Barker* Court determined that 1,266 regional jobs were within
the parameters of "significant numbers." *Barker*, 882 F.2d at 1479.

The Ninth Circuit, in *Martinez v. Heckler*, 807 F.2d 771, 775 (9th Cir. 1986), upheld the
ALJ's finding that 3,750 to 4,250 jobs were a significant number and, in *Moncada v. Chater*, 60
F.3d 521, 524 (9th Cir. 1995), found that over 2,300 local jobs and 64,000 national jobs were
appropriately considered significant. The Sixth Circuit has found that 1,350 jobs in the local
economy constituted a significant number, *Hall v. Bowen,* 837 F.2d 272, 275 (6th Cir. 1988), and
the Eighth Circuit has held that as few as 500 jobs were a significant number, *Jenkins v. Bowen*,
861 F.2d 1083, 1087 (8th Cir. 1988).

Even if it were concluded that the ALJ erroneously considered the school bus monitor
positions in his step five analysis, taking those 150 regional and 5,000 national positions out of the
total equation would not result in a change of the ALJ's ultimate determination. Therefore, this
alleged err by the ALJ would be considered harmless. *Johnson*, 60 F.3d at 1436 n. 9. An ALJ's
decision will not be reversed for errors that are harmless. *Burch*, 400 F.3d at 679. Based on the

foregoing, and taking the school bus monitor positions out of the equation, the total of 75,000 national and 1,050 statewide jobs identified by the vocational expert and ALJ in this case fall within the parameters of *Barker* and thus meet the requirement for "significant numbers." Therefore, the ALJ did not err by finding, at step five of the sequential evaluation process, that there were a significant number of jobs in the national economy which Plaintiff could perform despite his limitations.

### **CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Based on the foregoing, the undersigned concludes that the ALJ properly determined that Plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, **IT IS ORDERED**:

1.    Plaintiff's Motion for Summary Judgment (**Ct. Rec. 13**) is **DENIED**.

2.    Defendant's Motion for Summary Judgment (**Ct. Rec. 16**) is **GRANTED**.

3.    The District Court Executive is directed to enter judgment in favor of Defendant, file this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** this file.

**DATED** this   7th   day of June, 2007.

S/Michael W. Leavitt
MICHAEL W. LEAVITT
UNITED STATES MAGISTRATE JUDGE

-11-